will counsel for appellant please come up and introduce yourself. Please be seated. Okay, good morning, buenos dias to all. Let's proceed and call the first case. Thank you, Judge. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today, number 221650, United States v. Hector Maldonado-Maldonado, will counsel for appellant. Please come up and introduce yourself on the record to begin. Good morning, Your Honors. Jose David Rodriguez on behalf of appellant, Mr. Hector Maldonado. May I reserve two minutes for rebuttal? You may and let's begin. Thank you. The government breached the plea agreement in four different ways. First, by requesting a… I understand the government's breach. The government's conceding there was a breach. Yes. So, I don't think… Well, to the extent that the government's position is that only requesting a serious bodily injury was breached and everything else was not. And even though the government's concession will be sufficient to remand, I will ask the court to consider the four breaching acts here in order to, two things, provide a complete remedy to Mr. Maldonado and give adequate, give guidance to the government here. Counsel, what do you mean by a complete remedy? I ask that because I have a sense, not a sense, I think you say it, that you, as part of the remand, you want us to instruct the district court to impose a sentence within that 18 to 24 months of the subject to an agreement, which now would basically mean time served. Is that correct? That is correct, Your Honor. That is the remedy that we are requesting from this court considering that Mr. Maldonado, as of today, has served 14 months in excess of the sentence that the government… But, counsel, that would be an extraordinary thing for us to do, I mean, to actually tell the district court on remand what the sentence has to be. I mean, there have been some exceptional instances in which we have done that, but I don't know why we would do that here. I don't understand what would justify that. I think, Your Honor, that the fact that it would be impossible at this point where he has overserved the plea sentence to give Mr. Maldonado… The plea sentence, I think what Judge Lopez is trying to say is it's not binding on the court. So if it's not binding, we can't – we're a force. You know, it becomes a C1C type plea for any case there's a plea. So it's not a C1C type plea. Yes, Your Honor. It is not binding, of course, but this court has equitable power to fashion the proper remedy under the circumstances like it did in Kirkcular. And here, considering also the flagrancy of the breach, how egregious it was, and that's in part why I'm asking the court to consider the whole conduct, the four breaching acts, it would be appropriate in part not only to give Mr. Maldonado the remedy that most closely approximates a specific performance at this time, which is already impossible because the court will never be able to impose an 18 to 24-month sentence. But, counsel, the specific performance remedy is directed at what the government, pursuant to its contractual obligation, is required to do. You seem to want us to extend, in some fashion, specific performance to the obligation of the judge to impose a sentence within that guideline range. I don't know how you get that remedy within the concept of specific performance. I just don't understand that. I will tell the court that, for example, in Kirkcular, that was the rationale why this court said that since the defendant had already served much more time than what the plea was, it was impossible to give him, to have the government give him a specific performance. Remanding will be a hollow exercise because the benefit of the bargain, which is the possibility of the district judge imposing a sentence like the one the parties are recommending, is no longer feasible. Let me ask something. In the district court below, and this is based on my experience, there are many occasions where there's an appeal pending and the range recommended in the plea agreement or whatever defendant has served close to whatever maximum is on the plea agreement is about to expire. In the proceedings in the district court, they'll ask for bail pending resolution of the appeal so somebody doesn't have to over serve. That has not happened here, correct? There was never a motion from the district court. because he's basically served what would have been contemplated in the plea agreement pending the resolution of the appeal, which could take longer. That did not happen here. There wasn't, Your Honor. That did not happen here. However, we have been indicating that since the government acknowledged breach that Mr. Maldonado is approximating the guideline range and that it will be important to remand, that it will be important to, if the court is going to accept the government's motion for remand, to provide that guidance. Excuse me, but counsel isn't under the guidelines. He could be sentenced up to, well, he was sentenced to 78 months, correct? What would – on remand, the government has to comply with the plea agreement in the way in which it argues the case. What would prevent the court, be a different judge, I understand that, but what would prevent the court from reimposing a 78-month sentence? There's nothing that would prevent that, right? There is nothing that will prevent that, but if this court is not inclined to remand with specific instructions, Mr. Maldonado should have an opportunity on resentencing to raise again his objections to the 63 to 78 guideline because the part of the government's breach or the government breaching arguments influence the court's, district court's determination of that guideline. So to make him whole, to the extent that it will be possible to do it at this time, if the court is going to remand for resentencing, he should be able to be in the same position he was before the government started breaching. Counsel, can I just ask you, what is your response? I think it's footnote 8 in the government's brief where the government says that it's cognizant that it agreed to the calculations submitted in the plea agreement and it'll comply with that obligation at a resentencing hearing. How do you respond to that? What's your interpretation of the government's promise there in terms of what you've just argued to us? My interpretation of that is that the government will not tell the court that it is requesting a sentence within the 63 to 78 months, but we have a concern that because the government does not acknowledge the other breaching acts as an error, that they on remand will engage in the same conduct, meaning advocating for the aggravated assault guideline by telling the court that Mr. Maldonado engaged in strangulation, which is conduct inconsistent with the plea, with the guidelines stipulated in the plea. I am also referring to making inflammatory arguments at sentencing, characterizing the offense as extraordinary, telling the court that Mr. Maldonado posed an inherent dangerousness, that he was a danger to everyone in the facility, that there was a paramount need to deter all those things that told the district court, signaled the district court, imposed a higher sentence, not the plea sentence. All of that the government on appeal is not recognizing as breach. So there is a concern that if this court sends back without instructions, the court, the government will engage in that same behavior, which does not seem as problematic, unless the court addressed it in the opinion. But I thought the government said in a different footnote, I think footnote seven, that it recognized that it was error to advocate for the aggravated assault guideline, and therefore it would not be doing that on remand. No, that's not how I read that footnote. I read that footnote as the government, perhaps it can be clarified, but I read the footnote as the government referring to the request for a four-level enhancement under the aggravated assault. But that is different from the government in their sentencing memorandum, raising Suas Ponte, the argument that Mr. Maldonado engaged in strangulation, that when he assaulted the complainant, that he complained that he was unable to breathe. That is conduct consistent with aggravated assault. So inconsistent with the guidelines in the plea agreement. And at the same time, it was an endorsement of the higher guidelines that probation was calculating exactly based on that conduct, the supposed strangulation. The district court rejected the applicability of the aggravated assault guidelines. Is that not correct? No, Your Honor, that is not. The court rejected a four-level and serious bodily injury enhancement that the government, not even probation, was asking for. But still, the court, the guidelines that it applied, the 63 to 78, were guidelines based on aggravated assault, 2A2.2. So the aggravated assault guideline was the one the court used to impose the sentence. Okay, thank you. Thank you for the clarification. Thank you, counsel. Will Attorney Meconiatis for the United States please come up and introduce yourself on the record? Good morning, Your Honors. May it please the court, Julia Meconiatis for the United States. Now, in this case, the government is in agreement that Mr. Maldonado Maldonado is entitled to a remand for resentencing in front of a new district judge due to the prosecution's advocating for a four-level enhancement that was different from what the parties agreed in the plea agreement. So we had a plea agreement that had a proposed base offense level calculation and included certain enhancements. The PSR came out with a completely different calculation, and the government asked for an even additional one-level enhancement. Now, the government concedes that that was error, that it undermined the benefit and the spirit of the plea agreement by telling the court that that other guideline was proper. And that's why the government promptly conceded in this case. Counsel, let me ask you. You conceded, and you're asking, of course, that a new judge take the case. But in all practical terms, the new judge gets the case upon remand. This is based on experience. The first thing the district judge would probably do is look at the opinion from this court, would look at why the case got remanded, would look at the sentence report. Isn't the well-poisoned, because I know counsel is saying, we want specific sentence pursuant to the plea agreement, because any judge now in probation also, the judge might ask for an amendment to the sentence report, but these guideline calculations are going to be there for secular. I don't think there's a way to convince the judge to not include them, but more likely than not, they're going to be applied to them. Well, Your Honor, the normal practice when there is a breach, and this court said so as recently in Mojica Rosario, is to remand to a different judge, and this court has been clear that the court chooses the remedy, not the defendant. Now, the court has cautioned, and I know that the opposing counsel is talking about the extraordinary remedy of remanding it back with specific instructions to impose either an 18 or 24-month sentence. At this point, both of those sentences practically are sentences of time served. The government is cognizant of that. But we're not pushing back in that we don't believe that that sentence is proper. I just want to take a moment to let the court know the government takes this responsibility seriously, and on remand that the request would be a 24-month sentence. But the government is one thing, and I'm sure the government on remand would say we stick by the plea agreement. We're not seeking these enhancements, but the cat's out of the bag. The enhancements are there. Pre-sentence report has them. It might be amended, but the judge is going to know about them, and there's information that is part of the record that probably any judge is going to look at and say, and if the judge now says counsel for the government, you may not argue for this. You may not, under the plea agreement, are arguing for this, but I want to know what the facts are. And if the judge asks the government, then the government has to be forthright, not breach of the plea agreement, but has to provide the information. So it might result in the same sentence. Yes, Your Honor, and I'd like to answer your question by pointing to two facts in this case, like Your Honor spoke with opposing counsel. This is a Type B plea agreement, and while we take our duties seriously, when you look at the plea agreement under the section, and it's on Appendix 21, the United States and the defendant submit that the guidelines in the plea agreement apply to them. Notwithstanding, the defendant acknowledges that the court is not required to accept those guideline calculations. So if we were just to rewind and assume that at the sentencing hearing, the government didn't do any of this offending conduct, we still have a PSR whose guideline calculations came out differently. And that happens routinely, because sometimes new facts come in, or sometimes parties negotiate away enhancements. But this is a Type B plea agreement, not a Type C plea agreement. And as this court has cautioned in Mojica-Ramos, when you remand with specific instructions to impose a certain sentence, that's an extraordinary remedy, because it's denying the district court of its discretion, and it would be turning this into a Type C agreement. Again, I'm just saying that what the law is saying. I don't want this to be interpreted as that we are trying to wink, wink, nod, nod. It should be a different sentence. I'm explaining the answers to the court's questions. That being said, San Tobelo, which is the Supreme Court case, says it doesn't require courts to impose specific sentences, but requires prosecutors to keep their promise. And that is what the government's duty here would be on a remand, to ask for a 24-month sentence, which would be a sentence of time served. But if the district judge, going back to my hypothetical, if the new district judge were to say, I looked at the transcript, and I see why Judge Pesosa applied this particular sentence, and were to ask the government, aren't those facts correct? Aren't those facts true? You would still say, we still stand by the plea grant, but, again, to me, the cat's out of the bag. It's one of these situations. The harm that was done can't be taken away, really. Yes, Your Honor, and I would like to point the court to, this case has an interesting procedural posture, to the extent that this plea was provided to the defendant, the defendant accepted the plea. And then the co-defendant went to trial. And as shown by the objections to the PSR in the co-defendant, the whole issue of whether he was strangled to the extent that he could not breathe, that came out after the fact. It's not as if we were holding onto this nugget. It came out at trial, and that's what the defense counsel even says. It wasn't until after trial that this testimony of his inability to breathe came out. So, yes, to the extent that you can't unring that bell, and to the extent that a government may note that it was an assault that obviously scared the victim, and that's why a 24-month sentence might be appropriate as opposed to an 18-month sentence. But, clearly, those facts should not be used to support the PSR. Now, again, this court always talks about the competing, the solemn obligations to answer a court's questions truthfully, as Santabello talks about it, and also faithfully discharge the duties of the plea agreement. And, again, this court looks at the overall conduct of a prosecutor. And the government, cognizant of everything that happened here, we were quick to concede that a remand is necessary, and we are very cognizant of our duty to only request a 24-month. And this is a situation where, quite frankly, on remand, no argument taking into consideration any aggravating factors would be relevant because it is a time-served sentence, what the government would be requesting. So, in the extent when there's... I'm sorry, Your Honor. What did you just say? What I'm trying to say, Your Honor, is that on a remand, sometimes there's split-sentence recommendation plea agreements, and this court has made it clear that even in a split-sentence plea agreement, the government can rely on an aggravating factor to say why their sentence of 24 months is correct, and perhaps the 18-month sentence required by the defense might not cut it. So you're saying that because you're acknowledging that he's already served more than 24 months, so consistent with the plea agreement, for that reason you would be asking for time served. Is that correct? We would be asking for 24 months. I don't want it to be misinterpreted because I think at this point he's already served more than that. It wouldn't be a request that the sentence that he has now is appropriate because that would, in fact, be a sentence for 24 months. But what I was trying to get is that any concern that the government's reliance on aggravating factors at a sentencing hearing is academic because the sentence that we're asking for has already passed, so we don't need to say why a 24-month sentence is appropriate and an 18-month is not. To follow up, if I might, on Judge Helpe's question, what if we were to accept the defense counsel's invitation request that we address an additional breach, which they argue, which is that in terms of standing by the agreement that a sentence should be within 18 to 24 months, the prosecutor only paid lip service to it. There was a wink and a nod that the prosecutor thinks that's really not an adequate sentence. I mean, the prosecutor basically said nothing about the 18 to 24-month sentence other than to say it's set forth in our sentencing memo and we stand by that recommendation. The prosecutor, beyond that, didn't say anything about the 18 to 24-month sentence. Isn't that correct? Your Honor, that is correct, and that was part of our concession. I just want to be clear. I think they said that there were four issues of breach, and we argued that by not only advocating for the, by objecting to the PSR and saying that there should be four levels and three levels, that that was a breach and that even though they requested the 24 months because they advocated for that using this Court's case law, that that technical compliance didn't cut it. That was part of our concession. The two areas that we pushed. Really? I did not. That was, in our original motion, that was what we were trying to get across. The two points that we pushed back on, and if I may just quickly address this, again, it's hard to divorce the proceedings because since that happened and that even happened pre-sentencing, the breach had already happened. But to the extent that the defense was trying to say that there were two other breaches that independently of the other one may have warranted a finding of breach, that's where we were pressing back because we feel that the case law in this circuit, for example, that Lessard and Brown say that if there's no affirmative obligation to object to a higher PSR, we were saying that that's what the case law says. Likewise, there's the case in Riggs that says if the prosecutor accidentally doesn't say the magic number but the court knows it and says it, that that's not plain error because both the defense attorney here and the court said the government's recommendation is 24. Again, we were just saying that those aren't independent bases to remand, but as I stated in the beginning of my presentation, we look at the holistic approach, and looking at the holistic approach here, we agree that the prosecutor's overall performance was not consistent with the promises in the plea agreement, and that's why we're conceding a remand. And we just pushed back to the extent that there was an argument that this is an independent basis. Had that other breaching conduct not occurred, that's why we were just trying to preserve those arguments given the case law of the circuit. And, counsel, did I understand your footnotes in your brief correctly? It seemed to me that you were saying the government breached not just by asking for an enhancement but implicitly, therefore, also by asking for the... The enhancement was only available under the aggravated assault guideline. So you're committing that you're not going to be asking for that? Of course, of course, because you can only ask for a four-point enhancement with the aggravated assault guideline. Impeding the officer guideline maxes the enhancement at two. So by saying that there's a four-point enhancement, it's implicitly arguing that that other guideline applies, and that's... I'm sorry, Judge Lopez, if our briefing wasn't clear to that, but those two, we agree that those two instances, the objecting and then the arguing for four levels is the breaching conduct in this case and that a remand is warranted. May I ask, what happens in your office when there's a recognition that one of your prosecutors breached the plea agreement? How is that dealt with internally? If you might share that with us. Well, Your Honor, I can't speak for what goes on in the executive office, but personally in this case, when I received this, we give the... I let my supervisor know that there's a case that we believe that needs to be conceded. The U.S. attorney needs to know about that and Washington needs to know about that. So it is brought up to officials up the rank. Personally, I asked the prosecutor what happened in this case, and he explained to me that it was an honest confusion, that the PSR for this defendant came out at the same time the PSR for the trial defendant came out, and he thought that it would be disingenuous to ask for the trial defendant. So that's why even in his objections, he made it clear there is a plea agreement. There is a plea agreement. I'm still asking for 24. I explained to him they're no longer similarly situated. It was just a confusion that will not happen again, but it was because of the fact that the two PSRs for the two defendants, the trial defendant and the plea agreement defendant, came out on the same day. They were sentenced the same day, that the prosecutor thought it would look disingenuous, and he tried to make it seem that he wasn't trying to breach without realizing, especially given the state of the case law, that it was in fact a breach. They were sentenced the same day? They were sentenced the same day, Your Honor. How many months or what term of imprisonment did the other co-defendant get? I'm not sure, Your Honor, but I do think his guidelines were a little higher because he obviously didn't accept responsibility, but I do believe they had the same advisory guideline calculation with the distinction of the minus three for acceptance of responsibility. But the government does take its duties extremely seriously, and this has been discussed in our office. Thank you very much. Thank you. Two minutes rebuttal. Attorney Rodriguez-Gonzalez, please reintroduce yourself on the record to begin. Jose David Rodriguez on behalf of Mr. Maldonado. Your Honor, government breach is an issue in this district. Just in the last year, this court has issued four opinions finding government breach. Perhaps another reason to send the case with instructions to impose the sentence that the parties, the government and the defense, agreed to recommend is appropriate remedy would be to send strong message to deter future breaches. The cat is out of the bag here. There is a government sentencing memorandum. It's at seal appendix 31 containing all sorts of breaches described in our brief, including that Mr. Maldonado engaged in aggravated assault, meaning engaged in strangulation. The new court would see that sentencing memorandum. This was extraordinary breach, and our request would be that it merits an extraordinary remedy like the one we're asking for. Thank you, Your Honor. Thank you. You're excused. Have a good day. That concludes arguments in this case.